# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **L.H., J.F.-1, and C.F.**

**No. 22-0058** (Nicholas County 20-JA-95, 20-JA-96, and 20-JA-97)

## MEMORANDUM DECISION

Petitioner Father J.F.-2, by counsel Joseph M. Mosko, appeals the Circuit Court of Nicholas County's January 10, 2022, order denying his motion to set aside the court's dispositional decision and denying his request to voluntarily relinquish his parental and custodial rights to L.H., J.F.-1, and C.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, Carin Kramer, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in rejecting his attempt to voluntarily relinquish his parental and custodial rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2020, the DHHR filed a petition alleging that petitioner physically abused L.H. and exposed the children to domestic violence between himself and the mother. According to the record, L.H. disclosed during a forensic interview that petitioner "grabbed her by the neck, slammed her against the wall[,] then threw her down on a bed without a mattress." The child also described witnessing domestic violence between petitioner and the mother and detailed an incident in which petitioner forced the child to stay in her room an entire day without food or water. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because one of the children and petitioner share the same initials, they will be referred to as J.F.-1 and J.F.-2, respectively, throughout this memorandum decision.

record also shows that petitioner's parental rights to at least one other child were terminated in Wood County, West Virginia, in October of 2020.

In January of 2021, petitioner stipulated to his adjudication and was granted a post-adjudicatory improvement period, which was later extended. According to the record, petitioner failed to fully participate in his improvement period, including his failure to timely submit to an ordered psychological evaluation. Petitioner failed to appear for the evaluation when it was originally scheduled and did not complete the evaluation until July of 2021. Despite having stipulated to physical abuse, petitioner accepted no responsibility during his psychological evaluation for the physical abuse he perpetrated. By September of 2021, the DHHR filed a court summary in which it asserted that petitioner was not compliant with services. The following month, the DHHR filed a motion to revoke petitioner's improvement period, alleging that petitioner tested positive for methamphetamine in October of 2021, among other issues.

The matter came on for a dispositional hearing in December of 2021. Petitioner did not attend the hearing but was represented by counsel. During the hearing, petitioner's counsel requested that petitioner be permitted to voluntarily relinquish his parental rights to the children. The court, however, declined this request. Based on the evidence, the court found that although petitioner was granted an improvement period, he ceased cooperating with services and drug screens and further failed to provide credible reasons for his lack of participation. In fact, the court found that petitioner had no good cause for his failure to appear at the dispositional hearing and that he had abandoned the children. According to the court, petitioner tested positive for methamphetamine in October of 2021 and had not seen the children since then. Importantly, the court found that petitioner's history of domestic abuse and his failure to correct that issue made it such that any continued contact with the children would be contrary to their best interests. The court then found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, given his failure to follow through with rehabilitative services and his continued addiction to drugs. The court also found that the children's welfare required termination of petitioner's rights, as they required continuity of care and caretakers, among other issues. As such, the court terminated petitioner's parental and custodial rights to the children.

After the dispositional hearing but prior to the entry of the dispositional order terminating his parental and custodial rights, petitioner filed a motion to set aside the termination of his parental rights, alleging that he overslept on the day of the hearing. Further, petitioner again sought to voluntarily relinquish his parental rights to the children. In January of 2022, the court held a hearing on the motion and denied the same. It is from the order denying the motion to set aside the dispositional decision that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[2]L.H.'s father's parental rights were also terminated. The children have been returned to the legal custody of the mother, and the proceedings against her were dismissed.

2

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner alleges that the circuit court erred in denying his attempt to voluntarily relinquish his rights to the children because "there was scant evidence to demonstrate that the same was in the best interests of the children." In short, petitioner argues that "the [c]ourt did not point to any reason why involuntary termination served the interests of the minor children involved." This is simply incorrect. As set forth above, the court's dispositional order was explicit that termination was necessary for the children because they required permanency. Further, the court found that petitioner's history of physical violence and his refusal to acknowledge the same made the possibility of future contact with the children contrary to their best interests. As such, petitioner's argument that the court lacked evidence that termination was in the children's best interests is without merit.

Further, petitioner argues that the court could have prevented him from having contact with the children through a voluntary relinquishment and that there was no evidence that the mother would have been limited in her ability to prevent such contact under those conditions. While it may be true that a voluntary relinquishment could have achieved some of the same objectives as termination of petitioner's rights, petitioner ignores the fact that the circuit court was vested with discretion in accepting or rejecting the voluntary relinquishment. As we have explained, "[a] circuit court has discretion in an abuse and neglect proceeding to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination. Such discretion must be exercised after an independent review of all relevant factors." Syl. Pt. 4, *In re James G.*, 211 W. Va. 339, 566 S.E.2d 226 (2002). Here, it is clear that the court reviewed all relevant factors—including petitioner's extensive history of abuse, his failure to acknowledge its impact on the children, and their need for permanency—in reaching its decision. All of petitioner's arguments come down to his preference for a voluntary termination, which is insufficient to establish error. Given that the circuit court determined, upon substantial evidence, that termination was in the children's best interests, we find that the circuit court did not abuse its discretion in its rejection of petitioner's attempt to voluntarily relinquish his parental and custodial rights.

Finally, the court not only concluded that termination of petitioner's rights was necessary for the children's permanency, but it also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, a finding petitioner does not challenge on appeal. Pursuant to West Virginia Code § 49-4-604(c)(6),

a circuit court may terminate a parent's parental and custodial rights upon these findings. We have also explained as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find no error in the termination of petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 10, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

4